IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOE CAMPBELL, | ) | |
| | ) | |
| Plaintiff, | ) | 8:07CV69 |
| | ) | |
| v. | ) | |
| | ) | |
| QWEST COMMUNICATIONS, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on defendant's motion to dismiss with prejudice the second cause of action in plaintiff's complaint (Filing No. 5). Plaintiff did not submit a brief in opposition to defendant's motion. Having reviewed the motion, the defendant's submissions, and the applicable law, the Court finds that defendant's motion should be granted.

**STANDARD OF REVIEW**

In considering a motion to dismiss a complaint under Rule 12(b)(6), the Court must assume all the facts alleged in the complaint are true; and must liberally construe the complaint in the light most favorable to the plaintiff. *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001); *Schmedding v. Tnemec Co.*, 187 F.3d 862, 864 (8th Cir. 1999). A Rule 12(b)(6) motion to dismiss a complaint should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle her to relief. *Young,* 244 F.3d at 627. Thus, as a practical matter, a dismissal under Rule 12(b)(6) should be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is

some insuperable bar to relief.  *Schmedding*, 187 F.3d at 864. Nevertheless, dismissal under Rule 12(b)(6) serves to cancel actions which contain fatal flaws in their legal premises, and thereby spare the parties to the inappropriate action the burden and expense of unnecessary pretrial and trial activities.  *Young*, 244 F.3d at 627.

## BACKGROUND

Plaintiff, Joe Campbell, was an employee of defendant, Qwest Communications ("Qwest"), and was terminated on May 31, 2005.  He claims he was discriminated against on the bases of age, race, and disability.  Campbell filed a charge of age, race, and disability discrimination with the Nebraska Equal Opportunity Commission ("NEOC") on June 15, 2005.  On June 16, 2006, the NEOC sent Campbell a notice of Commission Determination, informing Campbell that it found no reasonable cause for his age discrimination claim and that it had officially closed the charge.  On August 18, 2006, the NEOC sent Campbell an Administrative Closure, closing and dismissing Campbell's case and informing him that he had ninety days from the date of receipt to file an action in state or federal court.  Campbell filed a complaint with the District Court of Box Butte County, Nebraska, on January 12, 2007.  Qwest filed a notice of removal to this Court on January 15, 2007.  Qwest now seeks to dismiss Campbell's second cause of action because it was not filed within 300 days of the alleged discriminatory conduct and because it was not filed within ninety days of notice of the NEOC's last action.

**DISCUSSION**

*I. Qwest's Index of Evidence*

In support of its motion to dismiss, Qwest submits Campbell's discrimination charge filed with the Nebraska Equal Opportunity Commission ("NEOC") and the Commission Determination and Administrative Closure sent by the NEOC to Campbell. Qwest argues that even though these documents were not attached to the complaint, they are necessarily embraced by the complaint and should be considered by the Court to determine whether Campbell's second cause of action was timely filed.

When considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), courts may not consider matters outside of the pleadings; however, in the present case, the Court agrees with Qwest that the discrimination charge and notice of Administrative Closure are not outside of the pleadings. First, Campbell specifically alleges in his complaint that he filed a charge with the NEOC and received a notice of Administrative Closure from the NEOC dated August 18, 2006 (Complaint ¶¶ 5,6). Second, Campbell did not submit an opposition brief to Qwest's motion or challenge the receipt or authenticity of the NEOC documents. *See Molina v. Los Angeles County, Department of Mental Health*, 58 Fed. Appx. 311, 313-14 (9th Cir. 2003)(stating "[a] document is not considered 'outside the pleading' for purposes of Rule 12(b) 'if the complaint specifically refers to the document and if its authenticity is not questioned.'"). The Court will consider these documents for the limited purpose of

determining whether Campbell's second cause of action was timely filed.  The Court notes that its consideration of these two documents shall not be construed as converting Qwest's motion to dismiss into a summary judgment motion.

## II.  Timeliness of Campbell's Second Cause of Action

Qwest argues that Campbell's second cause of action, alleging a violation of the Nebraska Civil Rights Act, is untimely because: (1) Campbell failed to file the action within 300 days of the alleged discriminatory act; and (2) Campbell failed to file the action within 90 days after notice of the NEOC's last action.  Campbell's second cause of action is based on the Nebraska Fair Employment Practice Act, Neb. Rev. Stat. §§ 48-1101 - 48-1125, and is brought pursuant to Neb. Rev. Stat. §§ 20-148 (*Id.* ¶¶ 2,30-32).[1]  *See Metz v. ACI Worldwide, Inc.,* No. 8:02CV60, 2002 WL 2005719, *1, (D. Neb. Sept. 3, 2002) (stating "§ 20-148 does not create a private cause of action separate from the NFEPA claim.")

"Under Nebraska law, one may file a charge of discrimination . . . with the NEOC, or one may file suit without ever dealing with the NEOC."  *Adams v. Tenneco Automotive*

---

[1] Neb. Rev. Stat. § 20-148 states, in pertinent part:

> Any person or company. . . who subjects or causes to be subjected any citizen of this state or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the United States Constitution or the Constitution and laws of the State of Nebraska, shall be liable to such injured person in a civil action or other proper proceeding for redress brought by such injured person.

*Operating Co.*, 358 F. Supp. 2d 878, 880 (D. Neb. 2005).  Section 20-148 contains no statute of limitations provision; however, the Nebraska Supreme Court has determined that the appropriate statute of limitations for § 20-148 claims is the 300-day statute of limitations set forth in Neb. Rev. Stat. § 48-1118.[2] *Adkins v. Burlington Northern Santa Fe R. Co.*, 615 N.W.2d 469, 473-74 (Neb. 2000).  Thus, a plaintiff has 300 days from the date of the alleged discriminatory act to either file a charge of discrimination with the NEOC or to file a complaint in court.  A plaintiff who elects to file a charge of discrimination with the NEOC may, at any time prior to dismissal, file a complaint in state or federal court, thus terminating the NEOC proceedings.  Neb. Rev. Stat. § 48-1119(4).  The NEOC is required to send notice of the "last action" it will take on the charge, and a plaintiff then has ninety days from the date of receiving the notice to file a complaint in court if he so chooses.  Neb. Rev. Stat. § 48-1120.01.[3]  Once ninety days have expired, the

---

[2] Neb. Rev. Stat. § 48-1118(2) provides:

> A written charge of violation of the Nebraska Fair Employment Practice Act shall be filed within three hundred days after the occurrence of the alleged unlawful employment practice and notice of the charge, including a statement of the date, place, and circumstances of the alleged unlawful employment practice, shall be served upon the person against whom such charge is made within ten days thereafter.

[3] Neb. Rev. Stat. § 48-1120.01 states:

> The deadline for filing an action directly in the district court is ninety days after the complainant receives notice of the last action the commission will take on the complaint or charge.  When entering the last action on the complaint or charge, the commission shall issue written notice of such ninety-day deadline to the complainant by certified mail,

plaintiff is precluded from filing a complaint in court. *Tenneco*, 358 F. Supp. 2d at 881 n.6.

The Court finds Campbell's second cause of action is untimely.  Campbell elected to file a charge of discrimination with the NEOC.  He acknowledges receiving a notice of Administrative Closure from the NEOC, dated August 18, 2006, notifying him that he had ninety days to file a complaint in state or federal court.  While there is no indication of the exact date Campbell received notice from the NEOC, there is a strong presumption that it was timely received.  *See Roush v. Kartridge Pak Co.*, 838 F. Supp. 1328, 1335 (S.D. Iowa 1993); *Arkansas Motor Coaches v. Commissioner*, 198 F.2d 189, 191 (8th Cir. 1952).  Campbell did not respond to defendant's motion and made no attempt to rebut the presumption that he received the notice in a timely manner; thus, the Court concludes that the notice was received within a timely matter after August 18, 2006. Campbell filed his complaint in the present action on January 12, 2007, which is nearly five months, and clearly more than ninety days, after August 18, 2006.  Therefore, the Court finds that Campbell's second cause of action is untimely.  Accordingly,

---

> return receipt requested. The last action on the complaint or charge includes the issuance of the final order after hearing, the determination of reasonable cause or no reasonable cause, and any other administrative action which ends the commission's involvement with the complaint or charge.

IT IS ORDERED that defendant's motion to dismiss plaintiff's second cause of action with prejudice is granted.

DATED this 25th day of April, 2007.

BY THE COURT:

/s/ Lyle E. Strom
_____
    LYLE E. STROM, Senior Judge
    United States District Court